UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRE BRIGHAM YOUNG,

       Plaintiff,

  v.

PAUL SPIZMAN *et al.*,

       Defendants.

Case No.  C07-5717RBL/JKA

ORDER TO SHOW CAUSE

     This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  The case was removed from Pierce County Superior Court where it was filed under cause number 07-2-04029-9.  Plaintiff alleges the diagnosis used to civilly commit him as a sexually violent predator is a mis-diagnosis and does not exist.  He also alleges that several annual reviews, contain false information filed by defendant Spizman.  Plaintiff alleges specifically that this information resulted in "Plaintiff's continued unlawful, punitive incarceration and prosecution." (Dkt. # 1 attached complaint, page 2).  Thus, plaintiff is collaterally challenging his continued civil commitment in this action and is attempting to obtain damages for allegedly being improperly held.  Plaintiff claims in the complaint that his State and Federal Constitutional rights have been violated and specifically brings this action under 42 U.S.C. § 1983 (Dkt # 1 attached complaint).

ORDER
Page - 1

This is not the first time Mr. Young has filed allegations of this nature. See, Young v. Seling, 99-CV5490FDB. In the Seling case Mr. Young made the allegations that his file contained inaccurate and manufactured entries, that he was provided inadequate treatment, and that treatment was used as a ruse for confinement. In a Report and Recommendation filed December 2, 1999, the court stated that some of Mr. Young's claims were not cognizable in a civil rights action "because some of the claims relate to the constitutionality of plaintiff's confinement." The court stated the claims should proceed in Habeas and noted Mr. Young had a pending Habeas action. The Report was adopted as to those issues.

A claim that relates to the fact and duration of confinement is not cognizable in a civil rights action unless an inmate can demonstrate that the conviction or sentence has already been invalidated. Heck v. Humphrey, 512 U.S. 477 (1994). The proper avenue to challenge the fact or duration of confinement is to file a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). See Wilkinson v. Dotson, 544 U.S. 74 (2005)("a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). *Emphasis in the original*. Heck v. Humphrey applies to persons detained as sexually violent predators who have access to habeas relief. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005). Before a petition for writ of habeas corpus may be brought in federal court, state remedies must be exhausted. Rose v. Lundy, 455 U.S. 509 (1982).

Plaintiff is now **ORDERED TO SHOW CAUSE** why this action should not be dismissed without prejudice. A response to this order is due on or before February 15, 2008. If nor response is filed or if the response does not adequately address the issue, this court will issue an appropriate Report and Recommendation.

The Clerk is directed to a copy of this order and counsel for defendant and note the **February 15, 2008,** due date on the court's calendar.

DATED this 15 day of January, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2