UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRE B. YOUNG,

    Plaintiff,

    v.

PAUL SPITZMAN *et al*.,

    Defendants,

Case No.  C07-5717RBL/JKA

REPORT AND RECOMMENDATION

**NOTED FOR**:
**March 7, 2008**

    This 42 U.S.C. § 1983 Civil Rights has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

## FACTS

    This action was removed from Pierce County Superior Court by defendants (Dkt. # 1).  When the action was removed, the court reviewed the complaint and was concerned that the plaintiff may be collaterally challenging the propriety of his current custody.  Plaintiff is a resident at the Special Commitment Center for sexually violent predators.

    On January 15, 2008, the court entered an order to show cause why this action should not be

REPORT AND RECOMMENDATION
Page - 1

dismissed as it appeared to call into question the propriety of plaintiff's confinement (Dkt # 5). The defendants filed a motion to dismiss (Dkt # 3). Plaintiff has responded to the motion to dismiss and the response adequately addresses the order to show cause (Dkt. # 6). In his response plaintiff asks the court to consolidate this Civil Rights Action with a Habeas Corpus Petition (Dkt # 6, page 9, paragraph 24).

Having reviewed the file the court concludes this action is duplicative of an action filed by plaintiff in 2005, in this court. See, Young v. Spizman, 05-CV-5652RBL. In the 2005, case the court held plaintiff's claims must be brought in a writ of Habeas Corpus and cannot proceed as a Civil Rights Action. The court also found the defendants enjoyed qualified immunity from suit (Young v. Spizman, 05-CV-5752RBL Dkt. # 24). Plaintiff appealed the dismissal of his action and the Ninth Circuit Court of Appeals summarily dismissed the appeal holding "the questions raised in this appeal are so insubstantial as not to require further argument." (Dkt. # 3, exhibit 4).

Both this case, and the 2005 case were removed from state court. Plaintiff objects to the removal (Dkt. # 6).

## DISCUSSION

1. Removal to federal court.

Plaintiff argues this case should not be removed from state court because he has deleted the federal jurisdiction section from his 2005, complaint, and the action does not present a federal question (Dkt # 6). Plaintiff is in error. The complaint in this action specifically mentions 42 U.S.C. § 1983, the Civil Rights Act, in its title. The complaint refers to the action repeatedly as a Civil Rights Action (Dkt. # 1 attached complaint). Further, plaintiff alleges violations of his Fourth and Fourteenth Amendment rights under in the United States Constitution (Dkt. # 1, attached complaint).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). As plaintiff is calling into question his rights privileges, or immunities secured by the Constitution or laws of

the United States he is presenting a federal question and this court has jurisdiction pursuant to 28 U.S.C. 1331. Removal to federal court was proper.

2.  Res Judicata.

In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same claim as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies. Blonder-Tongue Laboratories v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971); Davis Wright & Jones v. National Union Fire Ins. Co., 709 F.Supp. 196 (W.D.Wa.1989), aff'd, 897 F.2d 1021 (9th Cir.1990). Dr. Spizman and the plaintiff were both parties to the action filed in 2005. The actions both involve the allegation that defendant is placing or relying on false information to place or keep plaintiff in the Special Commitment Center. The court dismissed the action on the merits holding the claim could not proceed as a Civil Rights Action and the defendants enjoyed qualified immunity from suit. The doctrine of Res Judicata applies to this action.

Having reached this conclusion, the court does not address the other arguments raised by defendant. The court now addresses plaintiff's duplicative filings.

3.  Duplicative filings.

The filing of a case that has already been litigated and lost serves no valid purpose and imposes substantial costs on the defending party and the courts. Pursuant to 28 U. S. C. 1915 (e)(2)(B)(i), formerly 28 U. S.C. 1915 (d), the court shall dismiss a case notwithstanding payment of the filing fee if the court determines the case is malicious. The standard for dismissal as "malicious" has not been well defined by case law but some guidance exists. In 1995 the District Court in Delaware considered the malicious standard and stated:

> A separate standard for maliciousness is not as well established. *Deutsch* [67 F.3d 1085-87] merely states that a district court "must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants." *Id*. Other Circuits, however, have offered more objective instances of malicious claims. For example, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir.1981); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.1981) (stating that courts may dismiss pleadings with abusive or offensive language pursuant to the court's inherent powers under FRCP 12(f)). **In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims.** *Id.; Van Meter v. Morgan*, **518 F.2d 366 (8th Cir.),** *cert. denied*, **423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975);** *Duhart v. Carlson*, **469 F.2d 471 (10th Cir.1972),** *cert. denied*, **410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973).**

Abdul-Akbar v. Department of Corrections, 910 F. Supp. 986, 999 (D. Del. 1995)(emphasis added). Other courts have found the term "malicious" means irresponsible or harassing litigation. Daves v. Scranton, 66 F.R.D.5 (E.D. Pa. 1975). The Pennsylvania District Court Stated:

> The legal standard of 'frivolous or malicious' is not capable of precise definition for it is a standard intended for administration within the broad discretion of the court and to be applied with reasonable restraint but as a practical response to irresponsible litigation which would otherwise be subsidized and encouraged by the generosity of the *in forma pauperis* statute.

Daves v. Scranton, 66 F.R.D. 5 (E.D. Pa. 1975).

Plaintiff's current litigation raises claims already litigated and lost. The case meets the definition of malicious. This provides an alternate ground for dismissal.

    4.    <u>Motion to consolidate this action with a Habeas Corpus Petition</u>.

Plaintiff's motion to consolidate this action with a Habeas Corpus Action should be **DENIED.** This action seeks monetary damages which are not available in Habeas Corpus. Further, to proceed with any damage action prior to a ruling in petitioner's favor in a Habeas Corpus petition would be contrary to the holding in Heck v. Humphrey. Heck v. Humphrey, 512 U.S. 477 (1994).

When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of Habeas Corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). This action cannot proceed and should be dismissed without prejudice and plaintiff should be warned that further duplicative actions will result in monetary sanctions, dismissal of actions, and possibly an order limiting plaintiff's

REPORT AND RECOMMENDATION
Page - 4

ability to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 7, 2008**, as noted in the caption.

DATED this 19 day of February, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 5